# Morrison's Case.

Upon a sale by the sheriff of the real estate of one who died intestate, and after the payment of liens entered in his lifetime, the residue must be paid to the administrator, to be paid and distributed according to law, upon his giving such security as the court may decree.

APPEAL from the decree of the Court of Common Pleas of *Perry* county, appropriating the proceeds of the sale of the real estate of James Morrison, deceased.

James Morrison died intestate, seised of the real estate which was the subject of sheriff's sale. By a proceeding in the Orphans' Court partition was made of the estate into three parts, which were severally taken at the valuation by three of the sons, each of whom entered into recognizances, with securities, for the payment of the shares of their sisters, Rebecca, married to John L. Lamareux, Margaret, Eliza, Mary, Jane and Horabella Morrison. At the death of James Morrison there were judgments against him. Upon one of them in favour of Anderson's executors, which had been revived with notice to the heirs of James Morrison in possession of the land, a *fieri facias* was issued and levied on the estate, and it was afterwards sold on a *venditioni exponas*, and the proceeds of that sale was the money now in court.

After paying all the judgments which were liens in the lifetime of James Morrison, there remained about $1200 to be appropriated. Ralph Ewing claimed the money upon a judgment obtained against the administrator of James Morrison for $169.07. The court rejected this claim on the ground that it had not been prosecuted to judgment with notice to the widow and heirs. P. Stambaugh claimed $26.03, the amount of a judgment obtained against the administrator of James Morrison, deceased. The court refused to decree the payment of this judgment.

The administrator *de bonis non* of James Morrison claimed the whole fund, after deducting liens in the lifetime of the intestate, and tendered a bond with sufficient sureties, which was approved by the court, for a legal appropriation of it, and exhibited a claim of John Stambaugh for $5.90, and of John Carns for $33.84 against the estate.

Lamareux and wife, and the other heirs of James Morrison, deceased, claimed that the money should be appropriated by the court, and after the payment of the just debts of James Morrison, deceased, that the residue should be paid to them on their recognizances. But the court decreed that the money should be paid to the administrator *de bonis non*. From this decree all the

[Morrison's Case.]

recognizees appealed, and assigned for error that the court decreed the money to the administrator *de bonis non*.

*Watts*, for appellants.
*Reed*, for appellees.

The opinion of the Court was delivered by

SERGEANT, J.—This case seems to fall within the express provision of the 33d section of the Act of 24th February 1834, that in all cases where property, real or personal, of a decedent is sold upon an execution, and more money raised than is sufficient to pay off liens of record, the balance shall be paid over to the executor or administrator for distribution, he giving bond; and provided, also, that it is to be distributed as real estate. In the case before us the real estate of the decedent has been sold by execution on a judgment against him revived by *scire facias*, with notice to the heirs, and the money brought into court by the sheriff. The judgments which were liens have been paid out of this money, and there remain other demands against the administrator not payable by him out of this fund, and heirs, also, claimants. The surplus, therefore, goes into the hands of the administrator, to be applied according to law, he giving bond pursuant to the Act of Assembly. This was the decree of the court below, and is, in our opinion, right.

Decree affirmed.